UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALONZO WADLEY BOLDEN-BEY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 09-0914 (RMU) |
| | : | |
| v. | : | Re Document No.: 8 |
| | : | |
| UNITED STATES PAROLE COMMISSION, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS;
DENYING AS MOOT THE PLAINTIFF'S MOTION TO AMEND

**I. INTRODUCTION**

This matter is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction, improper venue and failure to state a claim. The *pro se* plaintiff, a prisoner in federal custody pursuant to sentences imposed by the Superior Court for the District of Columbia, has commenced this action against the United States Parole Commission ("USPC") alleging due process violations in contravention of 42 U.S.C. § 1983. Because the USPC enjoys sovereign immunity, the court grants the defendant's motion.

**II. FACTUAL & PROCEDURAL BACKGROUND**

In 2006, the plaintiff was convicted in the Superior Court for the District of Columbia while on parole, Compl. at 5, and is now incarcerated at a federal detention facility in West Virginia, *id*. at 1. He alleges that the USPC violated his right to due process by refusing to give him credit for the time he served on the new charges when calculating his parole violator

sentence. *Id.*, Attach. at 4-5. He requests that the court order the defendant to "give [him] all of the credit that is due to him by law on the non-parolable sentence and that a new notice of action reflect one release date of 12-29-09." *Id*. at 5. On September 4, 2009, the defendant filed this motion to dismiss for lack of subject matter jurisdiction, improper venue and failure to state a claim.[1] *See generally*, Def.'s Mot. at 1. With this motion fully briefed, the court turns now to the applicable legal standards and the parties' arguments.

## II. ANALYSIS

### A. Legal Standard for a 12(b)(1) Motion to Dismiss

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the

---

[1] Because the court concludes that it does not have subject matter jurisdiction, it does not reach the defendant's additional arguments for dismissal.

burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. The Court Grants the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

The USPC moves to dismiss the complaint for lack of subject matter jurisdiction, arguing that the plaintiff's claims are barred under the doctrine of sovereign immunity. Def.'s Mot. at 1. The plaintiff fails to address the defendant's jurisdictional argument in any of his filings. *See generally* Pl.'s Mot. to Amend;[2] Pl.'s Notice to the Court (Dec. 23, 2009); Pl.'s Response to Def.'s Mot.

---

[2] In his motion to amend, the plaintiff seeks only to add a document to the record in this case. *See* Pl.'s Mot to Amend. & Attach. Because this document does not address the defendant's jurisdictional arguments, the basis upon which the court resolves the defendant's motion to dismiss, the court denies as moot the motion to amend.

3

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of the United States' sovereign immunity must be unequivocal, and cannot be implied. *See Lane v. Peña*, 518 U.S. 187, 192 (1996); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992). "Despite its role in administering parole for D.C. Code offenders, the [USPC] retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). Although "a cause of action under § 1983 will lie against the individual members of the Commission when acting pursuant to the Revitalization Act,"[3] *id.* at 1104, the USPC itself "retains the immunity it is due as an arm of the federal sovereign," *id.* at 1106.

Accordingly, the plaintiff's claims against the USPC must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Epps v. Howes*, 2007 WL 2248072, at *3 (D.D.C. July 31, 2007) (explaining that "[b]ecause the U.S. Parole Commission has not waived [its] sovereign immunity . . . the Complaint's allegations as to [it] must be dismissed for lack of subject matter jurisdiction"); *Glascoe v. U.S. Parole Comm'rs*, at *1 n.4 (D. Md. Feb. 21, 2007) (explaining that the USPC has not waived its sovereign immunity to § 1983 claims); *Trevino v. United States*, 2001 WL 880373, at *3 (N.D. Tex. July 24, 2001) (stating that § 1983 "does not apply to actions taken by federal agencies or officials"); *see also Hunter v. Reilly*, 693 F. Supp. 2d 53, 59 (D.D.C. 2010) (denying the plaintiff's motion to amend his complaint to seek monetary damages

---

3    Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), the USPC "assume[d] the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code." D.C. Code § 24-131(a)(1).

against the USPC because "[t]he USPC is not a state actor subject to suit under 42 U.S.C. § 1983").

The court, however, is mindful that the plaintiff is a *pro se* litigant and is afforded more latitude than litigants represented by counsel. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Accordingly, the court dismisses the plaintiff's complaint without prejudice.[4]

### III. CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss, denies as moot the plaintiff's motion to amend and dismisses the complaint without prejudice. An Order consistent with the Memorandum Opinion is separately and contemporaneously issued this 16th day of August, 2010.

RICARDO M. URBINA
United States District Judge

---

[4] Nevertheless, because the plaintiff is only seeking an adjustment to the term of his confinement and not damages or other relief available under §1983, *see generally* Compl., his claims would be more appropriately addressed in a habeas petition brought in the jurisdiction in which he is incarcerated. *See, e.g.*, *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (holding that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus" (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (explaining that "habeas corpus [is] the proper means of challenging . . . confinement"))).